IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| James B. Moss, | ) | C/A No. 8:21-cv-02383-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Goodrich Corporation d/b/a UTC | ) | **OPINION AND ORDER** |
| Aerospace Systems, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court on Defendant Goodrich Corporation d/b/a UTC Aerospace Systems' ("Goodrich") Motion to Dismiss and Motion to Stay Entry of Scheduling Order(s) and All Federal and Local Civil Rule Disclosure and Conference Requirements. ECF Nos. 10, 12. Plaintiff James Moss ("Plaintiff") filed a Response in Opposition to the Motion to Dismiss, and Goodrich filed a Reply. ECF Nos. 14, 17. The Motions are now before the Court.

## **BACKGROUND**

This action arises from the termination of Plaintiff's employment with Goodrich on May 29, 2018. ECF No. 1-1 at 5. Plaintiff was hired by Goodrich in 2008 as a machine operator at its facility in Hodges, South Carolina and eventually became a purchasing manager. *Id.* at 4. When Goodrich began downsizing its business at that location, Goodrich offered Plaintiff the opportunity to enter an Employee Retention Agreement ("the Agreement") on May 23, 2018, to remain with the company until December 14, 2018. *Id.* at 4–5, 8. The Agreement offered Plaintiff a retention bonus in the amount of $13,400.00,

less payroll taxes.  *Id.* at 5, 8.  The Agreement specified that Plaintiff must remain working for Goodrich through the retention period to be eligible to receive the retention bonus.  *Id.* at 8.  The Agreement further stated, "[i]f, during the Retention Period, [he] either (a) voluntarily resigns employment with the Company; (b) is involuntarily terminated for cause; or (c) voluntarily takes a position in another UTAS business and/or functional area or UTC-owned entity, then [he] will not be eligible for or receive any Retention Bonus."  *Id.* at 8.  Plaintiff received and acknowledged receipt of the Agreement on May 23, 2018, and the Agreement stated that the offer would remain open for five business days, ostensibly expiring on May 30, 2018.  *Id.* at 5, 8.  However, on May 29, 2018, Goodrich terminated Plaintiff's employment.  *Id.*  Plaintiff had not accepted the offer before that date, nor did he accept the offer at any later time.  ECF Nos. 1-1 at 10; 10-1 at 3.

Thereafter, Plaintiff filed this action in the Greenwood County Court of Common Pleas on May 27, 2021, alleging causes of action for breach of contract and breach of contract accompanied by a fraudulent act against Goodrich.  ECF No. 1-1.  Goodrich removed the case to this Court on July 30, 2021.  ECF No. 1.  Subsequently, Goodrich filed a Motion to Dismiss Plaintiff's Complaint on August 27, 2021, and a Motion to Stay Entry of Scheduling Order(s) and All Federal and Local Civil Rule Disclosure and Conference Requirements on September 2, 2021.  ECF Nos. 10, 12.  Plaintiff filed a Response in Opposition to the Motion to Dismiss, and Goodrich filed a Reply.  ECF No. 14, 17.  The Motions are now before the Court.

## APPLICABLE LAW

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits the dismissal of an action if the complaint fails "to state a claim upon which relief can be granted."  Such a

motion tests the legal sufficiency of the complaint and "does not resolve contests surrounding the facts, the merits of the claim, or the applicability of defenses . . . . Our inquiry then is limited to whether the allegations constitute 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (internal quotation marks and citation omitted). In a Rule 12(b)(6) motion, the Court is obligated to "assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). However, while the Court must accept the facts in a light most favorable to the nonmoving party, it "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Id*.

To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the complaint must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although the requirement of plausibility does not impose a probability requirement at this stage, the complaint must show more than a "sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint has "facial plausibility" where the pleading "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## **DISCUSSION**

Goodrich contends that Plaintiff's claim for breach of contract must be dismissed because there is no enforceable contract between the parties. ECF No. 10-1 at 5. Specifically, Goodrich argues the Agreement is not an enforceable contract because Plaintiff did not accept the Agreement by signing it before the offer was withdrawn and

3

his employment was terminated. *Id.* Because no contract exists, Goodrich asserts Plaintiff has failed to establish any breach. *Id.* at 6. Thus, Plaintiff's employment with Goodrich was at-will, and Goodrich maintains that it was within its rights to terminate his employment. *See id.* at 5.

Alternatively, even if the Agreement was properly executed and is enforceable, Goodrich claims the Agreement did not alter Plaintiff's presumptive status as an at-will employee because the Agreement specifically states that it is not an employment contract and that it does not alter the at-will employment relationship. *Id.* at 8–9. Moreover, Goodrich argues that Plaintiff has failed to allege any specific term of the Agreement that Goodrich purportedly breached. *Id.* at 10–11. Because Goodrich believes Plaintiff has failed to sufficiently allege the existence of a contract and its breach, Goodrich also contends that Plaintiff's claim for breach of contract accompanied by a fraudulent act must be dismissed. *Id.* at 12–13.

In contrast, Plaintiff argues the Agreement constitutes a valid and enforceable contract. ECF No. 14 at 3. Plaintiff explains that Goodrich gave him five business days to accept the terms of the Agreement and to continue his employment, and Plaintiff fully intended to accept the offer within the prescribed time period. *Id.* However, before Plaintiff could accept, Goodrich terminated his employment. *Id.* As a result, Plaintiff claims "acceptance of the Agreement should be imputed to him in spite of a lack of signing on his part." *Id.*

In addition, Plaintiff asserts that the Agreement altered the employment relationship, even though certain provisions of the Agreement specifically provide otherwise. *Id.* at 3–4. Indeed, Plaintiff alleges that the Agreement states his employment

would continue unless he is terminated for cause and defines termination for cause as termination for any violation of Company policy, procedure, code of conduct, or guideline, or for conduct that negatively impacts the Company. *Id.* at 4. Because he was not terminated for cause, Plaintiff contends Goodrich breached the Agreement. *Id.*

Having considered the arguments and submissions of the parties, the Court finds Plaintiff has failed to sufficiently allege the existence of a contract. Although Plaintiff alleges that Goodrich offered to retain him as an employee through the Agreement, there is no evidence that Plaintiff ever accepted the offer. Without his acceptance, the Agreement was never executed and is not a valid and enforceable contract between the parties. *See Trident Constr. Co. v. Austin Co.*, 272 F.Supp.2d 566, 575 (D.S.C. July 16, 2003) ("The necessary elements of a contract are offer, acceptance, and valuable consideration." (quoting *Sauner v. Pub. Serv. Auth. of S.C.*, 581 S.E.2d 161, 166 (S.C. 2003))). Moreover, Plaintiff fails to provide any binding legal authority, and the Court is aware of none, to support his argument that acceptance should be imputed to him based upon his purported desire to accept the offer; thus, the Court finds this argument unpersuasive. *See Baker v. Boeing Co.*, C.A. No. 2:18-cv-2574-RMG, 2021 WL 2290692, at *2 (D.S.C. June 4, 2021) (noting "[s]ilence ordinarily does not constitute acceptance" (quoting *H.A. Sack Co. v. Forest Beach Pub. Serv. Dist.*, 250 S.E.2d 340, 341 (S.C. 1978))).

Understandably, Plaintiff did not appreciate Goodrich's withdrawal of the offer before he had the chance to accept it. However, Goodrich was well within its rights to revoke its offer prior to the expiration of the five-day time period for acceptance and to terminate Plaintiff's at-will employment. *See TruAuto MC, LLC v. Textron Specialized*

*Vehicles, Inc.*, C.A. No. 2:19-cv-1381-RMG, 2021 WL 4392059, at *5 n.5 (D.S.C. Sept. 23, 2021) ("It is clear, in the ordinary case, that an offer may be withdrawn at any time before its acceptance, by notice given to that effect to the other party." (quoting *Masonic Temple v. Ebert*, 18 S.E.2d 584, 587 (S.C. 1942))); *King v. Marriott Int'l, Inc.*, 520 F.Supp.2d 748, 755 (D.S.C. Aug. 7, 2007) ("Under South Carolina law . . . an at-will employee may be terminated at any time for any reason or for no reason, with or without cause." (citing *Stiles v. Am. Gen. Life Ins. Co.*, 516 S.E.2d 449, 450 (S.C. 1999))); *see also* 1 Williston on Contracts § 5:2 (4th ed. 2021) (noting the power to accept an offer can be terminated by revocation of the offer by the offeror).

Because Plaintiff has failed to sufficiently allege the existence of a contract, he has failed to state a claim for breach of contract and for breach of contract accompanied by a fraudulent act.  *See Davies v. WTD Holdings, Inc.*, C.A. No. 3:19-cv-02122-JMC, 2020 WL 1703895, at *2 (D.S.C. Apr. 8, 2020) (noting that a party must allege and prove a binding contract entered into by the parties in order to recover for breach of contract); *DCHG Invs., LLC v. IAC Greenville, LLC*, C.A. No. 6:15-cv-2013-MGL, 2017 WL 713956, at *5 (D.S.C. Feb. 23, 2017) (providing that one of the three elements required for a breach of contract accompanied by a fraudulent act claim is a breach of contract). Accordingly, Goodrich's Motion to Dismiss must be granted and Plaintiff's Complaint must be dismissed.  Because this ruling is dispositive of the Motion, the Court need not address the parties' remaining arguments.

## **CONLUSION**

For the reasons set forth above, Defendant Goodrich Corporation's Motion to Dismiss [10] is **GRANTED** and the Motion to Stay Entry of Scheduling Order(s) and All

Federal and Local Civil Rule Disclosure and Conference Requirements [12] is **DENIED AS MOOT**.  Accordingly, Plaintiff's Complaint [1-1] is **DISMISSED** with prejudice.

    IT IS SO ORDERED.

                                          s/ Donald C. Coggins, Jr.
                                          United States District Judge

March 10, 2022
Spartanburg, South Carolina